IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK PEKULAR, JR., KF-0351, )
    Petitioner, )
     )
    v. ) 2:17-cv-141
     )
SUPT. GILMORE, et al., )
    Respondents. )

MEMORANDUM OPINION and ORDER

Frank Pekular, Jr., and inmate at the State Correctional Institution-Greene- has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Pekular is presently serving a ten to twenty year sentence imposed upon his plea of guilty to charges of third degree murder at No. CP-02-CR-537-2010 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

Following some procedural maneuvers not material here, on September 3, 2013, petitioner filed a "pro se motion for an answer to the 'motion to withdraw guilty plea' filed on October 4, 2011. (Ex. 5 to the answer). The motion was construed as a post-conviction petition. Com. v. Taylor, 65 A.3d, 462, 465 (Pa.Super.2013)("it is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief."). The petition was subsequently amended and denied on May 12, 2014 (Ex. 13 to the answer). An appeal was filed in the Superior Court in which the issues presented were:

> I. Did the lower court err by finding that trial counsel was not ineffective by failing to meet with the appellant and discuss his decision to withdraw his guilty plea, failing to argue the motion to withdraw the guilty plea, failing to argue the motion to withdraw the guilty plea, giving appellant erroneous advise as to the sentence that would be imposed and failing to describe the elements of third degree murder?

---

[1] See: Petition at ¶¶ 1-6. As the Commonwealth correctly notes the petitioner was originally sentenced on September 28, 2011 to twenty-two to forty-four years of incarceration. This sentence was modified on March 1, 2012 to the sentence petitioner now seeks to challenge.

II. Was the plea of guilty unlawfully induced by trial counsel? (Ex.16 to the answer)

On January 5, 2016 the denial of relief was affirmed (Ex. 18 to the answer), and leave to appeal was denied on May 2016 (Ex. 22 to the answer).

In the present petition, Pekular contends he is entitled to relief on the following grounds:

1. Sixth Amendment violation due to ineffective assistance of counsel. Trial counsel was ineffective for failing to: meet with the defendant and discuss decision to withdraw guilty plea, argue motion to withdraw guilty plea filed by defendant within time limit specified in guilty plea agreement, provide information necessary for a plea to be knowingly and intelligent, file a direct appeal despite being instructed to do so, provide true and correct advice in the context of plea bargaining with respect to the duration of the sentence.

2. Fourteenth Amendment violation because defendant was not afforded due process of law. Due process of law was not afforded when the plea of guilty was unlawfully induced since the defendant did not fully understand the elements/requirements of murder of the third degree (Petition at ¶12).

Respondents concede that these issues have been exhausted in the state courts and that the instant petition is timely (Answer at pp. 15, 22).

The background to this prosecution is set forth in the January 5, 2016 Memorandum of the Superior Court:

> On November 28, 2009, at approximately 8:00 p.m., Appellant entered the BP filing station and convenience store at 910 Sawmill Run Boulevard in Allegheny County. He approached the counter and purchased a pack of crackers with loose change. Appellant then left the convenience store and walked outside. He paced around the store, returned, and selected another package of crackers.
>
> When Appellant came up to the purchase window, Lucinda Wetzel was the cashier. As Ms. Wetzel opened the drawer to the cash register, Appellant dove underneath a security barrier and unsuccessfully attempted to grab cash from the open register. Appellant then fled outside and attempted to rob Ms. Wetzel. Next, Walter Wetzel chased Appellant and brandished a firearm. If the case had proceeded to trial, the Commonwealth's witnesses were prepared to testify that Mr. Wetzel was acting within the scope of his employment at the BP station when he brandished a firearm in an attempt to stop Appellant's efforts to commit robbery.

> Mr. Wetzel then got in front of the driver's side of Appellant's vehicle. After a three- or four-second pause, Appellant accelerated his vehicle forward at a high rate of speed. Appellant's vehicle struck Mr. Wetzel, causing him to go onto and over the hood of the car. Appellant never attempted to decelerate his vehicle and Mr. Wetzel was dragged for some distance and later run over by Appellant. Appellant fled the scene without stopping.
>
> Mr. Wetzel suffered severe brain injuries as a result of these events and succumbed to these injuries on April 2, 2010. The Commonwealth was prepared to establish at trial that the cause of Mr. Wetzel's death was blunt force trauma to the head, consistent with a motor vehicle accident and a pedestrian strike.
>
> On January 28, 2011, Appellant pled guilty to one count of third-degree murder, and one count of accident involving death or personal injury (footnotes omitted)( Ex. 18 to the answer at pp.142-144).

Petitioner now contends that he is entitled to relief on the basis that his plea was not voluntarily entered. "In the context of a guilty plea, counsel is required to give a defendant information sufficient 'to make a reasonably informed decision whether to accept a plea offer'" Shotts v. Wetzel, 724 F.3d 364, 376 (3d Cir. 2013), cert. denied 134 S.Ct. 1340 (2014). That is, the plea must be knowingly, voluntarily and intelligently entered with awareness of the relevant circumstances and possible consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

Prior to the entry of his guilty plea, on June 28, 2011 Pekular completed a form entitled "Guilty plea, Explanation of Defendant's rights" (Attached to petitioner's motion to withdraw his guilty plea which is part of the state court records). In that form petitioner acknowledged amongst other rights that he was aware of the maximum sentence that could be imposed; that he was not coerced into entering his plea; that he was doing so of his own free will; that no threats had been employed to induce the plea; that there was no plea bargain; that he was satisfied with the legal advice he had received; that he had reviewed the form with his attorney; that he was not under the influence of any medication, narcotics or alcohol nor was he suffering from any mental or physical impairment what would affect his ability to comprehend the nature of his plea, and that he admitted committing the crime.

At the actual plea hearing held later on June 28, 2011, the District Attorney related that the plea agreement encompassed a plea to third degree murder and an accident involving the death or personal injury while not licensed, but that no agreement had been struck on the

sentence to be imposed (6/28/12 p.2). The petitioner stated that he under stood the charges and possible maximum penalties (6/28/12 p.3); that with knowledge of the potential penalties he desired to plead guilty (TT.4); that he was satisfied with his representation (6/28/12 p.4); that he had answered the guilty plea colloquy truthfully (6/28/12 p.5); that no promises other than those outlined by the prosecutor had been made (6/28/12 p.5); that he was pleading voluntarily and intelligently (6/28/12 p.6) and that he did not disagree with the factual recitation of the crime (6/28/12 p.11).

At the post-conviction hearing held on March 19, 2014 the prosecutor represented that if the matter proceeded to trial he would seek a second degree murder conviction and the required imposition of a mandatory life sentence (3/19/14, pp. 4,8); defense counsel stated that the petitioner was aware of the possible consequences of the vacation of his conviction but still desired to continue with a new trial (3/19/14 p. 7) and the petitioner verified that he was aware of the risks but desired to go to trial (3/19/14 p.10).

Petitioner also stated that counsel did not discuss the third degree murder charges with him but represented that he would guess that the probable sentence would be four to eight years (3/19/14 pp. 12-13); that his attorney completed the guilty plea colloquy form and he merely signed it with the belief that he would be sentenced to four to eight years (3/19/14 p. 13-16, 22); that after he submitted a motion to withdraw his plea his sentence was modified to the one he was currently serving (3/19/14 pp.15, 16, 24); that at the time he entered his plea he was taking several medications (3/19/14 p. 21,26); that he was not satisfied with his counsel's representation (3/19/14 p.22) and that at the time he entered his plea he could have said that he did not understand, but elected not to do so (3/19/14 pp. 29, 30).

At that same hearing, trial counsel testified (3/19/14 p.33). He stated that he had in fact explained third degree murder to the petitioner (3/19/14 p.33); that he did not represent that any particular sentence would be imposed (3/19/14 p.34); that he reviewed the guilty plea colloquy with the petitioner (3/19/14 pp.35-36) and that he would not have proceeded if he thought the petitioner was under the influence of any substances (3/19/14 p.36).

As a result of this conflicting testimony the post-conviction court found defense counsel's testimony to be credible (Exhibit 15 to the answer at p.5). In reviewing this conclusion, the Superior Court concluded "that the PCRA court's findings are supported by the record and that its legal conclusions are free of error."(Exhibit 18 to the answer at pp.7-8). The trial court's

4

credibility findings are entitled to high deference. Felkner v. Jackson, 131 S.Ct. 1305, 1307 (2011); 28 U.S.C. § 2254(e)(1). In the instant case, there is no basis demonstrated for disturbing those findings. Thus, petitioner's challenge to his guilty plea is without merit.

Petitioner also contends that counsel was ineffective in failing to thoroughly prepare him to enter a guilty plea and then failing to move to withdraw that plea.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

As discussed above, based on a determination of credibility there is no basis to conclude that counsel's performance was in any way defective. The fact that the petitioner did not receive the lighter sentence he had hoped for but not been promised is not a basis for concluding that counsel was ineffective. Bradshaw v. Stumpf, 545 U.S. 175, 186 (2005)( "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal"). For these reasons there is no basis upon which to conclude that counsel was ineffective.

Because the petitioner's conviction was not secured in any manner contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law, he is not entitled to relieve here. Accordingly, the petition of Frank Pekular, Jr. for a

5

writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

     An appropriate Order will be entered.

Filed: August 16, 2017                           s/ Robert C. Mitchell  
                                                                               United States Magistrate Judge

ORDER

AND NOW, this 16th day of August, 2017, for the reasons set forth in the foregoing Memorandum Opinion, the petition of Frank Pekular, Jr. for a writ of habeas corpus (ECF No. 1) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

Pursuant to Rule 4(a)(1), F.R.App.P. any party desiring to appeal this decision must file a notice of appeal within thirty(30) day of this Order by filing that notice with the Clerk of Court, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

    s/ Robert C. Mitchell
    United States Magistrate Judge